ately have inquired into the circumstances by which his vessel had been saved; into the causes which had produced her supposed loss, and that he should have taken steps to reclaim her. Instead of this, he at no time called upon the salvor, but, on the contrary, he seems to have taken pains to avoid him. When charged with being guilty of having done the act, and advised by his friend to clear it up, we find him contenting himself with a simple denial of the charge. He never appeared at the sale of the vessel or cargo, or interposed a claim for either. His inconsistencies; at one time declaring that he was not insured; sometimes saying, that he had been plundered of goods to the amount of 6000 dollars; at another, of 12.000 dollars; his avoiding the company of the Americans; being denied to persons, who came after him: can with difficulty be reconciled with the character of fairness—whether with that of innocence, you must decide. It is proper, however, to remark, that these circumstances do not necessarily prove more, than that he regretted the recovery of the vessel and cargo. · A man, whose property is fully, or more than covered, may not be sorry that it is lost; and yet he might be very far above the commission of a criminal act to produce the loss. It is for you to say, whether this construction should be given to his conduct. Upon the whole, you will weigh the evidence, and not convict the prisoner, if you doubt of his guilt.

Jury found the prisoner not guilty.

---

## Case No. 15,482.

UNITED STATES v. JOHNSON.

[See Case No. 3.393.]

---

## Case No. 15,482a.

UNITED STATES v. JOHNSON.

[This case. decided by BAXTER, Circuit Judge, and SWING, District Judge, and referred to in an editorial paragraph in 8 Cent. Law J. 180, was certified to and decided by the supreme court. in. 100 U. S. 82. It is not otherwise reported.

---

## Case No. 15,483.

UNITED STATES v. JOHNSON.

[4 Cin. Law Bul. 361.]

Circuit Court, S. D. Ohio. June, 1879.

NATIONAL BANKS—"MONEYS" DEFINED—EMBEZZLEMENT BY PRESIDENT—INDICTMENT—AUTHORITY OF BANK OFFICERS — EVIDENCE IN CRIMINAL CASES.

1. The word "moneys," as used in section 5209 of the United States Statutes. includes the bills of national banking associations, as well as the coin and legal tender notes of the United States.

2. An indictment of a president of a national banking association. under said section. for embezzlement of the moneys of such association, must show that the moneys were lawfully intrusted to his possession.

3. An indictment of such officer, under said section, for drawing bills of exchange, and assigning notes without authority from the directors, need not allege such drawing and assigning to have been with intent to injure and defraud such association.

4. If a bill or note relates to the business of the association. the general authority conferred by the directors upon the officer to draw bills and sign notes would be sufficient authority.

5. But, if they relate to the individual and private business of the officer, they would not be authorized by the general powers thus conferred.

6. The rule as to the weight of evidence, presumption of innocence. character and reasonable doubt in criminal causes.

Indictment for violation of the national banking law (section 5209. Rev. St. U. S.).

The defendant is charged in the indictment with a violation of section 5209 of the United States Statutes, which provides that "every president, director, cashier, teller, clerk, or agent of any association, who embezzles, abstracts, or wilfully misapplies any of the moneys, funds, or credits of ·the association; or who, without authority from the directors, issues or puts in circulation any of the notes of the association; or who, without such authority, issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, signs any note, bond, draft, bill of exchange, mortgage, judgment, or decree; or who makes any false entry in any book, report, or statement of the association, with intent, in either case, to injure or defraud the association, or any other company, body politic or corporate, or any individual person; or to deceive any officer of the association, or any agent appointed to examine the affairs of any such association; and every person who, with like intent, aids or abets any officer, clerk, or agent. in any violation of this section, shall be deemed guilty of a misdemeanor, and shall be imprisoned not less than five years, nor more than ten." The indictment contains seventeen counts, and charges the defendant, whilst acting as president of the Fayette County National Bank, with embezzlement of the moneys of the bank, with the wilful misapplication of the moneys of the bank, and, as president of the bank, with drawing bills of exchange and assigning promissory notes, without authority from the directors.

Upon a motion to quash the indictment, it was held by the court, that it was true, that where an indictment is so defective that no judgment could be rendered upon it against the defendant, the court may, in its discretion. quash it, and the same may be said of the several counts in an indictment. But, when the indictment is for a plenary offense, this will not be done unless the indictment is plainly and clearly bad; and so if the motion to quash be to a failure of the counts and the indictment contains good counts which would support a general verdict. As a general rule, the motion will be denied,